THE STATE ex rel. KANSAS CITY v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals, and WILLIAM C. MULLINS.

Division Two, March 13, 1920.

ABSTRACT: Timely Service: In Certiorari. In a *certiorari* directed to a court of appeals on the ground that its decision is in conflict with controlling decisions of the Supreme Court, the printed abstract must be served on respondent at least thirty days before the case is set for hearing, and if that is not done the case, on respondent's motion, will be dismissed.

*Certiorari.*

DISMISSED.

*E. L. Snider* and *Fenton H. Hume* for respondents.

(1) The respondents respectfully move the court to dismiss or quash the writ of *certiorari* herein, for the reason that relator has wholly failed to comply with Rule 35 of this court, in that relator has not served or filed herein printed abstracts and briefs as required by said rule. State ex rel. v. Robertson, 181 S. W. 987.

. *E. M. Harber* and *A. F. Smith* for relator.

(1) Rules of court are adopted to assist the court in the performance of its duties; those rules are for the execution of the business of the court, not for the execution of causes of action. While a litigant may lose his remedy by his failure to comply with a rule of court, that result should not follow unless his failure interferes with the orderly conduct of the business of court; and a rule that would authorize such drastic punishment, like a penal statute, should not be applied except in a case that comes clearly within its terms. (2) A *certiorari* proceeding to review a decision of a court of appeals presents a very simple question on a very simple record; Does the opinion of the Court of Appeals declare a rule contrary to a prior decision of this court? The consideration of that question requires little search of the record. It is found by an examination of a short application for a writ of *certiorari,* and an examination of the opinion of the Court of Appeals, copies of which are in respondents' hands from the inception of this proceeding, and when this question is presented in this court the printed abstract is before this court, so this court is in no wise inconvenienced. So far as the respondents are concerned, they wrote the opinion that is in controversy; they have a copy of it in the files of their court; they have access to a printed copy of it. At the very filing of the application for a writ of *certiorari,* they were served with a copy of the application for the writ with all of the document thereto attached; and nearly two months before this cause was set for hearing, they were served with a printed brief presenting the question at issue, in which brief was a statement of facts that was in itself an abstract of the record so far as the question at issue is concerned. So they have not been inconvenienced. The reason for the rule then has no application in this case, and therefore a failure to comply with it has done no harm and should entail no heavy penalty. (3) But if it be contended that the rule must

be strictly enforced, according to its letter, then by that same token it should not be enforced beyond its letter. And the relator is within the letter of the rule. In cases originating in this court the pleadings filed are the record, and the printed abstract is a convenience merely, not a necessity, either for the court or the respondents. So the filing of a printed abstract of the record is within the reason and letter of the rule in such cases, and the service of a printed copy thirty days before the hearing is not necessarily within the reason of the rule, and certainly is not within the letter of it. Rule 33 of this court regulating the procedure as to original writs provides: "On final hearing printed abstracts and briefs shall be filed in all respects as is required in appeals and writs of error in ordinary cases." The printed abstract of the record having been filed one day before the case is set for hearing the relator has complied with rule 12 of this court with reference to the filing of briefs and abstracts of record.

WILLIAMS, P. J.—This is an original proceeding by *certiorari* whereby relator seeks to quash the record in a certain case decided by the Kansas City Court of Appeals, on the ground that the decision therein is in conflict with a controlling descision of this court.

Respondents have filed a motion to dismiss the case, assigning as a ground therefor the failure of relator to comply with the provisions of Rule 33 of this court concerning the printing and filing of abstracts of the record in cases arising upon the issuance of original writs by this court.

Rule 33 of this court provides: "On final hearing printed abstracts and briefs shall be filed in all respects as is required in appeals and writs of error in ordinary cases."

The rule applicable to appeals and writs of error in ordinary cases requires the party litigant, upon whom the duty falls to prepare the abstract, to have the same printed and served upon the opposing party at least thirty days before the cause is set for hearing.

The case at bar was duly placed on the October docket of 1919, and was set for argument on October 21, 1919. On October 11, 1919, respondents served relator with a copy of their motion to dismiss. On October 16, 1919, and after respondents had served relator with a copy of the motion to dismiss, the relator for the first time served respondents with a printed abstract of the record in this case, and on October 18, 1919, relator deposited ten copies of said printed abstract with the clerk of this court.

The motion to dismiss was ordered taken with the case and must now be determined before further proceeding with the case.

Upon the oral argument and also in his brief counsel for relator suggested that, since Rule 33 failed to specifically state the abstract should be *served* upon the opposite party, but merely stated that printed abstrasts should be "filed" as in ordinary cases, it should not be held that relator had failed to comply with the rule.

We think it is very clear from a reading of the rule that relator's interpretation thereof is not justified by the full wording and context of the same. If relator's present interpretation of the rule be correct, relator would not be required to serve respondents with a copy of the printed abstract at any time. This was certainly not the result anticipated when the rule was formulated. The rule requires that printed abstracts shall be filed *"in all respects"* as is required in ordinary cases.

The rule in ordinary cases requires (absent stipulation between the parties) the filing of ten copies of printed abstract which has theretofore been served upon the opposing party at least thirty days prior to the day on which the cause is set for hearing.

Relator failed to do that in the present case and thereby failed to comply with Rule 33 of this court. Under such circumstances applying by analogy the rule

announced by Court in Banc in State ex rel. Pedigo v.
Robertson, 181 S. W. 987, it is our duty to dismiss the
case.

It is so ordered.  All concur.